# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | | |
|---|---|---|
| ENGLISH MOUNTAIN SPRING WATER COMPANY, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 3:07-cv-324 (Phillips/Shirley) |
| AIDCO INTERNATIONAL, INC., | ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

This matter is before the court on defendant's motion for dismissal or, alternatively, for transfer of venue and brief in support [Doc. 9]. Specifically, defendant contends that a forum-selection clause in the contract underlying this dispute requires plaintiff to litigate in the Eastern District of Michigan. Accordingly, defendant requests that the court dismiss the case or, alternatively, transfer the case to the Eastern District of Michigan.

Plaintiff, however, contends that the forum-selection clause is permissive, not mandatory, and therefore does not require the parties to litigate in the forums denoted therein. This court agrees, and for the reasons that follow, defendant's motion to dismiss will be denied.

## BACKGROUND

The facts as follows are taken from the complaint: Plaintiff English Mountain Spring Water Company, Inc. ("English Mountain") operates a water bottling facility in Dandridge, Tennessee. To improve its bottling process, plaintiff purchased under contract a piece of automated bottling

equipment from defendant AIDCO International, Inc. ("AIDCO"), the AIDCO RoboticStar Six Axes KR 360 (the "RoboticStar"). The day after installation, the RoboticStar failed to perform. AIDCO made several attempts to repair the RoboticStar, but never repaired the RoboticStar to plaintiff's satisfaction. The failure of the RoboticStar has caused English Mountain to incur great expenses, both in its repair and in hiring additional laborers to replace the automated system. English Mountain has also lost customers and profits due to the RoboticStar's failure.

Plaintiff initially brought this suit in the Circuit Court for Jefferson County, Tennessee, alleging breach of contract and warranty and violations of the Tennessee Consumer Protection Act ("TCPA"). Defendant AIDCO subsequently removed to this court on the basis of diversity jurisdiction. Defendant AIDCO now seeks to have this action dismissed or, alternatively, transferred to the Eastern District of Michigan, based on the forum selection clause contained in the purchase contract for the RoboticStar.

## **ANALYSIS**

First, the contract underlying this dispute contains a choice-of-law clause, which states, "Resolution of disputes shall be conducted in accordance with the laws of the State of Michigan." Ex. A, Def.'s Mot. for Dismissal or, Alternatively, for Transfer of Venue and Br. in Support. Without undertaking a rigorous choice-of-law analysis, the court will presume the validity of the choice-of-law clause, such that Michigan law governs. A rigorous analysis is unnecessary, as the analysis is the same regardless of whether Tennessee or Michigan law governs.

The court will address each of defendant's arguments in turn.

*Motion to Dismiss*

Defendant asserts that this case should be dismissed due to the forum-selection clause in the contract underlying the dispute. In support of this assertion, defendant cites case law indicating that "Michigan's public policy favors the enforcement of contractual forum-selection clauses and choice-of-law provisions." *Turcheck v. Amerifund Fin., Inc.*, 725 N.W.2d 684, 688 (Mich. Ct. App. 2006). Defendant likewise cites Tennessee case law indicating the same general favor. *Signal Capital Corp. v. Signal One, LLC*, No. E2000-00140-COA-R3-CV, 2000 WL 1281322, at *3 (Tenn. Ct. App. Sept. 7, 2000) ("Forum selection clauses are generally enforced in Tennessee.").

While this is the general rule, under both Michigan and Tennessee law, if a forum-selection clause is merely permissive, rather than mandatory, the parties are not bound thereby. Typically a court will enforce a forum-selection clause as mandatory if it includes clear language indicating the exclusivity of the designated forum. *E.g.*, *TH Agric. & Nutrition, L.L.C. v. Ace European Group Ltd.*, 416 F. Supp. 2d 1054, 1074 (D. Kan. 2006) ("[A] forum selection clause is considered mandatory if it contains clear language showing that jurisdiction is appropriate only in the designated forum."); *accord Fred Montesi's, Inc. v. Centimark Corp.*, No. 04-2957, 2006 U.S. Dist. LEXIS 26208, at *8 (W.D. Tenn. May 2, 2006); *Warner v. Fuller Rehab. & Consulting Servs., Inc.*, No. 1:05-CV-105, 2005 U.S. Dist. LEXIS 41699, at *9 ("[T]he intent to make a particular forum exclusive should be clear."); *see also Union Planters Bank, N.A. v. EMC Mortgage Corp.*, 67 F. Supp. 2d 915, 922 (W.D. Tenn. 1999) (citing cases in which various courts have construed a forum-selection clause as mandatory where particular language, such as "shall," was used). In contrast, permissive forum-selection clauses simply serve to authorize jurisdiction in a selected forum, such that the would-be defendant would have no objection to the forum were the plaintiff to choose it.

*E.g.*, *TH Agric.*, 416 F. Supp. 2d at 1074 ("In contrast, permissive forum selection clauses authorize jurisdiction in a designated forum but do not prohibit litigation elsewhere."); *accord Centimark Corp.*, 2006 U.S. Dist. LEXIS 26208, at *8-9.

The forum-selection clause at issue in the present case provides,

> The parties submit to the jurisdiction and venue of the Circuit Court for the County of Lenawee, State of Michigan, or, if original jurisdiction can be established, the United States District Court for the Eastern District of Michigan with respect to any action arising, directly or indirectly, out of this Agreement or the performance or breach of this Agreement. The parties stipulate that the venues referenced in this Agreement are convenient.

Ex. A, Def.'s Mot. for Dismissal or, Alternatively, for Transfer of Venue and Br. in Support. Because this clause lacks language demonstrating that the parties are bound thereby, this clause is permissive, not mandatory. In cases where the court was presented with nearly identical clauses, courts have held this language to be permissive, not mandatory. *E.g., Warner*, 2005 U.S. Dist. LEXIS 41699, at *3, *9 (clause stating "the [parties] submit to the jurisdiction of the courts located in Catoosa County, Georgia, and each agrees not to raise and waives any objection to or defense based on the venue of any such court or *forum non conveniens*" held to be permissive). Moreover, "[t]he parties knew how to use mandatory and exclusive language when necessary in their agreements, for instance, when writing their choice of law provisions." *Id.* at *9. The lack of exclusive language in the forum-selection clause currently before the court establishes that the parties intended this clause to be permissive, not mandatory.

Because the forum-selection clause is merely permissive, plaintiffs are not bound to bring suit in the fora designated therein. Furthermore, this court has proper jurisdiction, 28 U.S.C. § 1332

(2006), and is a proper venue, *id.* § 1441(a). Consequently, there is no jurisdictional basis on which to dismiss this suit, and defendant's motion to dismiss is denied.

*Motion for Transfer of Venue*

Alternatively, defendant requests that the court transfer this case to the Eastern District of Michigan, pursuant to 28 U.S.C. § 1404 and § 1406. Although a federal court sitting in diversity typically applies state law, § 1404(a) governs the choice of venue in this case. *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 24, 32 (in determining "whether a federal court sitting in diversity should apply state or federal law in adjudicating a motion to transfer a case to a venue provided in a contractual forum-selection clause," the Supreme Court held that "federal law, specifically 28 U.S.C. § 1404(a), governs the District Court's decision").

Section 1404 provides, "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a) (2006). Defendant, however, has made no showing, other than its reliance on the forum-selection clause, as to why this court should transfer this case to the Eastern District of Michigan. Defendant speaks nothing of the convenience of the parties and witnesses or how transfer would serve the interests of justice. To the contrary, plaintiff has demonstrated that transfer of this case would impose an undue burden on the plaintiff. As plaintiff notes, "The court should not transfer a case where the transfer would simply exchange the inconvenience of one party for that of the other." *PML N. Am., LLC v. ACG Enters. of NC, Inc.*, No. 05-CV-70404-DT, 2006 WL 334269 (E.D. Mich. Feb. 13, 2006). Plaintiff further notes that the

contract was performed in Dandridge, Tennessee, and the employees and witnesses live in and around Dandridge.

As stated in a recent case, "[t]he most the Court can say is that the Northern District of Georgia might be an equally convenient forum. This falls well short of the sort of showing required to justify a transfer under § 1404(a)." *Warner*, 2005 U.S. Dist. LEXIS 41699, at *14. This court cannot even go so far as to say that the Eastern District of Michigan would be equally convenient. Defendant has made no showing whatsoever as to why transfer is appropriate under § 1404(a); indeed, plaintiff has demonstrated why this court would better serve the convenience of the parties and the interests of justice. Accordingly, defendant's motion to transfer venue will be denied.

## CONCLUSION

In sum, defendant has failed to establish why this court should disturb plaintiff's choice of forum. Because the forum-selection clause in this dispute is permissive, not mandatory, and because defendant has not met its burden for a transfer under 28 U.S.C. § 1404(a), defendant's motion to dismiss or, alternatively, for transfer of venue [Doc. 9] is **DENIED.**

**IT IS SO ORDERED**.

**ENTER:**

s/ Thomas W. Phillips
United States District Judge